<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EFCO CORPORATION, | : |
| Plaintiff, | : Civ. No. 06-4206 (GEB) |
| v. | : **OPINION** |
| R&K ARCHITECTURAL METALS & GLASS, INC., *et al.*, | : |
| Defendants. | : |

<u>**BROWN, Chief Judge**</u>

      This matter comes before the Court upon: (1) defendants Hunt Construction Group, Inc. ("Hunt"), St. Paul Fire and Marine Insurance Company, Zurich American Insurance Company, Fidelity & Deposit Company of Maryland, and Federal Insurance Company's (collectively "Defendants") motion for summary judgment; and (2) plaintiff EFCO Corporation's ("EFCO" or "Plaintiff") cross-motion for a continuance of the motion for summary judgment and for leave to file an amended complaint. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78. For the reasons set forth below, this Court will: (1) grant in part and deny in part Defendants' motion for summary judgment; and (2) grant Plaintiff's motion in its entirety.

**I.   BACKGROUND**

      The case concerns a construction project for the Newark Science Park High School ("the Project"). (Compl. ¶ 11.) According to Plaintiff, Hunt was the general contractor for the Project, and R&K Architectural Metals & Glass, Inc. ("R&K") was retained by Hunt as a subcontractor. (*Id.* ¶¶ 11-12.) Plaintiff alleges that on or about February 20, 2004, EFCO entered an agreement

1

with R&K to supply various materials for the Project ("the Agreement").  (*Id.* ¶¶ 13-14.)  Plaintiff now seeks payment for the materials that it claims to have provided.

Plaintiff filed the present action on September 5, 2006.  On April 6, 2007, Defendants filed the present motion for summary judgment.  On May 8, 2007, EFCO filed its cross-motion seeking a continuance of the motion for summary judgment and leave to file an amended complaint.

## II.   ANALYSIS

### A.   Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for a Continuance

#### 1.   Standard of Review for Motions for Summary Judgment

In deciding a motion for summary judgment, a court should grant the motion if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996).  The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *See Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).  In arguing against a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed.

2

R. Civ. P. 56(f).

        **2.**       **Whether Summary Judgment Should Be Granted**

Defendants argue that the Court should grant summary judgment in their favor with respect to Plaintiff's claims for breach of contract, unjust enrichment, conversion, and enforcement of a payment bond that Hunt allegedly secured for the Project.  With respect to Plaintiff's breach of contract claim, Defendants argue that they were not parties to the Agreement that R&K allegedly breached.  According to Defendants, "[t]o succeed on its breach of contract claim against Hunt, EFCO must prove that it had a contract with Hunt." (Defs.' Br. Supp. Mot. Summ. J. at 5.)  They argue that "EFCO's contract was with R&K – not Hunt," and that "Hunt never had a contract with EFCO on the Project." (*Id.*)  As for Plaintiff's unjust enrichment and conversion claims, Defendants argue that Plaintiff's rights are governed by the terms of the Agreement itself, and that Plaintiff therefore cannot assert its equity and tort claims. (*Id.* at 6-7.)  Finally, regarding Plaintiff's claim to enforce Hunt's payment bond, Defendants argue that EFCO failed to give proper notice to Hunt pursuant to the bond. (*Id.* at 8.)

        **a.**       **Plaintiff's Breach of Contract Claim**

With respect to Plaintiff's breach of contract claim, Plaintiff argues that summary judgment is inappropriate at this stage of the case because the parties have not yet completed discovery.  According to Plaintiff, although Hunt was not a party to EFCO's contract with R&K, that contract did not prevent Hunt from agreeing to pay EFCO directly for its materials. (Pl.'s Br. Supp. Cross-Mot. at 12.)  According to Plaintiff, "[a] direct contract was created between EFCO and [] Hunt Construction," and the contract was "memorialized by [drawings] that were exchanged between EFCO and Hunt Construction." (*Id.*)  Plaintiff claims that "[t]he direct contract between EFCO and Hunt Construction entitles EFCO to obtain payment on the bonds issued by the Defendant Insurance Companies, without prior notice to Hunt Construction." (*Id.*

3

at 13.) According to Plaintiff, it is entitled to "discovery from Hunt Construction, relating to its relationship with EFCO, including the construction documents it possesses and depositions of its representatives . . . ." (*Id.* at 14.)

The Court agrees with Plaintiff that Defendants' motion for summary judgment of Plaintiff's breach of contract claim should be denied as premature because the parties have not yet completed discovery. On January 11, 2007, Magistrate Judge Hughes stayed discovery in this case to allow the parties to proceed with mediation. In his order dated May 11, 2007, Judge Hughes observed that mediation was unsuccessful, and instructed the parties to submit a proposal for a discovery schedule after the resolution of the present motions. During the course of discovery, it remains possible for Plaintiff to discover facts supporting its assertions that it had a contract directly with Hunt. The Court will therefore deny Defendants' motion with respect to Plaintiff's breach of contract claim.

### b. Plaintiff's Unjust Enrichment and Conversion Claims

Defendants also seek summary judgment of Plaintiff's unjust enrichment and conversion claims. Although Defendants argue that Plaintiff's rights are governed by contract and that it therefore cannot assert tort or equity claims, the parties continue to dispute whether there was a contract between EFCO and Hunt. The Court will therefore also deny Defendants' motion with respect to Plaintiff's unjust enrichment and conversion claims.

### c. Plaintiff's Claim to Enforce Hunt's Payment Bond

Defendants also argue that summary judgment should be entered against Plaintiff's claim to enforce Hunt's performance bond because EFCO failed to give proper notice to Hunt pursuant to the bond. Defendants argue that written notice is required pursuant to N.J. Stat. Ann. 2A:44-145, which states:

> Any person who may be a beneficiary of the payment bond, as defined in this article, and who does not have a direct contract with the contractor furnishing the

> bond shall, prior to commencing any work, provide written notice to the contractor by certified mail or otherwise, provided that he shall have proof of delivery of same, that said person is a beneficiary of the bond. If a beneficiary fails to provide the required written notice, the beneficiary shall only have rights to the benefits available hereunder from the date the notice is provided.

N.J. Stat. Ann. 2A:44-145.

Plaintiff responds by arguing that it is a beneficiary of the payment bond, and that it satisfied the written notice requirement pursuant to N.J. Stat. Ann. 2A:44-145. (Pl.'s Br. Supp. Cross-Mot. at 5-6, 12-13) According to Plaintiff, after it entered the Agreement with R&K, it provided various "shop drawings" that "notified Hunt Construction, among other things, that EFCO would be fabricating and supplying aluminum windows, curtain wall materials, storefront materials, doors and hardware" for the Project. (*Id.* at 6.) Plaintiff argues that "the Shop Drawings provided written notice to Hunt Construction that EFCO intended to fabricate specialized windows, doors and curtain walls for [the Project]," and that "Hunt Construction, upon reviewing the shop drawings, acknowledged that EFCO was a beneficiary of the construction contract . . . ." (*Id.* at 13.)

In *Dial Block Co. v. Mastro Masonry Contractors*, 374 N.J. Super. 13 (App. Div. 2004), the Appellate Division of the Superior Court of New Jersey rejected a similar argument by the plaintiff in that case. There, the plaintiff argued that "even though it did not comply with the literal language of the notice provision of [N.J. Stat. Ann. 2A: 44-145], by entering into the Agreement with plaintiff, [the general contractor] was placed on notice that plaintiff was supplying materials to the job site," and that it was therefore notified that the plaintiff might submit a claim under the bond. *Dial Block*, 374 N.J. Super. at 24. The court rejected that argument, however, stating that "the Bond Act specifically calls for *written* notice to the general contractor that the person is a beneficiary of the bond," and that the plaintiff's constructive notice failed to satisfy that requirement. *Id.* (emphasis in original).

Here, Plaintiff argues that it satisfied the written notice requirement when it sent its "shop drawings" to Hunt because those drawings notified Hunt that Plaintiff was performing work

5

protected by the payment bond.  As the court in *Dial Block* explained, however, such constructive notice does not satisfy the written notice requirement of N.J. Stat. Ann. 2A:44-145.  The Court will therefore grant Defendants' motion for summary judgment with respect to Plaintiff's claim to enforce Hunt's payment bond.

In sum, the Court will:  (1) deny without prejudice Defendants' motion for summary judgment of Plaintiff's breach of contract, unjust enrichment, and conversion claims; (2) grant Defendants' motion for summary judgment with respect to Plaintiff's claim to enforce Hunt's payment bond; and (3) grant Plaintiff's cross-motion for a continuance.  Defendants are permitted to re-file their motion for summary judgment after the completion of discovery.

### B. Plaintiff's Cross-Motion for Leave to Amend the Complaint

#### 1. Standard of Review for Motions to Amend the Complaint

Plaintiff seeks leave to amend the Complaint pursuant to Federal Rules of Civil Procedure Rule 15(a).  A party may amend its pleading "by leave of court or by written consent of the adverse party . . . ." Fed. R. Civ. P. 15(a).  Rule 15(a) further provides that "leave shall be freely given when justice so requires." *Id.*  Courts have shown "a strong liberality . . . in allowing amendments under Rule 15(a)." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (internal quotations omitted).  "District courts nevertheless retain substantial discretion to deny amendments in the event of bad faith, undue prejudice to opposing parties, futility of the amendment, or repeated failure to cure deficiencies by amendments previously allowed." *Newlin v. Invensys Climate Controls*, Civ. No. 05-5746 (RBK), 2006 WL 2385079, at *1 (D.N.J. August 16, 2006) (internal quotations omitted).  *See also Foman v. Davis*, 371 U.S. 178, 182 (1962).

#### 2. Whether Plaintiff Should Be Granted Leave to Amend the Complaint

Plaintiff seeks the addition of several factual allegations to support its claim that Hunt was contractually obligated to pay for the materials that EFCO provided for the Project.

According to Plaintiff's proposed amendments, R&K's contract with Hunt was incorporated and made a part of the Agreement between EFCO and R&K. (Proposed Am. Compl. ¶ 14.) Plaintiff seeks to add factual allegations that R&K's contract with Hunt provided for the possible payment by Hunt for materials that R&K purchased for the Project. (*Id.* ¶ 20.) In addition, Plaintiff seeks the inclusion of factual allegations that EFCO provided specifications and "shop drawings" to Hunt during the course of its performance of its alleged contracts with R&K and Hunt, and that Hunt responded to EFCO concerning those drawings. (*Id.* ¶¶ 21-24.)

Plaintiff also seeks to amend the Complaint to include two additional claims against Hunt. First, it requests leave to add a claim for a "construction lien" against Hunt. (*Id.* ¶¶ 57-64.) Second, Plaintiff seeks the addition of a claim to recover based on a "book account" that Hunt allegedly maintained. (*Id.* ¶¶ 65-68.) Both of these claims are based on Plaintiff's breach of contract claims against R&K and Hunt. (*See id.* ¶¶ 57-68.)

Defendants argue that Plaintiff should not be allowed to amend the Complaint because Plaintiff's proposed amendments would be futile. With respect to Plaintiff's construction lien claim, Defendants argue that the amendments would be futile because Plaintiff failed to serve the required notices on time. (Defs.' Br. Opp'n Pl.'s Cross-Mot. at 12-13.) With respect to Plaintiff's breach of contract claims, Defendants argue that these amendments would be futile because the contract that was allegedly breached was between EFCO and R&K – they continue to argue that there was no agreement between EFCO and Hunt. (*Id.* at 14-15.)

Rule 15(a) provides that "leave shall be freely given" to plaintiffs seeking to amend their complaints. In light of the "strong liberality" that courts have shown in applying the rule, *Bechtel*, 886 F.2d at 652, the Court will grant Plaintiff's cross-motion for leave to amend the complaint. Defendants remain free, of course, to file motions to dismiss Plaintiff's claims. Although the Court may ultimately decide that Plaintiff has failed to state claims upon which relief can be granted, the Court will await the filing and briefing of any motions to dismiss before addressing that matter.

**III.    CONCLUSION**

For these reasons:  (1) Defendants' motion for summary judgment is denied in part and granted in part; (2) Plaintiff's cross-motion for a continuance is granted; and (3) Plaintiff's cross-motion to amend the Complaint is granted.  An appropriate form of order is filed herewith.


Dated:  June 6, 2007

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.
